**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

_____

GREG NESSELRODE,

        Plaintiff,

   vs.

FLATHEAD COUNTY, and
JOHN DOE DEFENDANTS I-III,

        Defendants.

CAUSE NO. CV 06-150-M-JCL

ORDER, and
FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE

_____

**I.   INTRODUCTION AND *IN FORMA PAUPERIS* APPLICATION**

    Plaintiff has filed a Complaint together with an Application to Proceed In Forma Pauperis.  Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Because it appears Plaintiff lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis is **GRANTED**.  This action may proceed without prepayment of the filing fee.

    The federal statute under which leave to proceed in forma pauperis is permitted also requires the Court to conduct a

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE/ PAGE 1

preliminary screening of the allegations set forth in the Complaint. The statute states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
>     (A) the allegation of poverty is untrue; or
>
>     (B) the action or appeal–
>
>         (I) is frivolous or malicious;
>
>         (ii) fails to state a claim on which relief may be granted; or
>
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Accordingly, the Court will review Plaintiff's Complaint to consider whether it can survive dismissal under these provisions. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II. **PLAINTIFF'S ALLEGATIONS**

Plaintiff filed his Complaint on September 25, 2006, stemming from an incident which occurred on September 20, 2006. Plaintiff was an assistant manager at the Alpine Village Market in Whitefish, Montana, and while working as a clerk on September 20, Plaintiff sold one beer to a customer he believed to be over 21 years of age. Approximately one hour after the sale of the alcohol, Flathead County law enforcement officers arrived at the store and issued Plaintiff a citation for selling alcohol to a

minor, and directed Plaintiff to appear before Judge Ortly in Justice Court on September 29, 2006.

Plaintiff has filed this action seeking compensatory damages for various alleged violations of his rights committed by Defendants.  Plaintiff states the person who purchased the beer wore a costume to make the person look older, and he contends Defendant Flathead County was involved and approved of the person's costume.  Plaintiff alleges Defendants violated his constitutional rights and human rights, thereby causing him to suffer personal insult, defamation, and injury to his personal relations.  Therefore, Plaintiff requests $275,000 as compensatory damages for his injuries.

## III.  DISCUSSION

The Court will construe Plaintiff's Complaint as filed pursuant to 42 U.S.C. § 1983.

> To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.

*Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).  Such construction is appropriate since Plaintiff names a county, and individual law enforcement officers all of whom were apparently acting under color of state law, and who have allegedly violated Plaintiff's constitutional rights.

Based on all of Plaintiff's allegations and in light of his pending proceedings in Justice Court, the Court finds this case is subject to dismissal based on abstention.  There is a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff.  *Younger v. Harris*, 401 U.S. 37, 45 (1971).  "As a matter of comity, federal courts should maintain respect for state functions and should not unduly interfere with the state's good faith efforts to enforce its own laws in its own courts."  *Dubinka v. Superior Court*, 23 F.3d 218, 223 (9th Cir. 1994) (citing *Younger v. Harris*, 401 U.S. 37, 43-44 (1971)).  *Younger* directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings.  *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997) (citing *Younger*, at 40-41).  When applicable, *Younger* abstention requires dismissal of the federal action, not a stay.  *The San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998).

The federal courts may raise the issue of *Younger* abstention *sua sponte*.  *Martinez*, at 781 n.3 (citing *Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976)).  *See also The San Remo Hotel*, 145 F.3d at 1103 n.5.

The Ninth Circuit has stated that Younger abstention is appropriate if "(1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise federal questions."  *Gartrell Constr., Inc. v. Aubry*, 940 F.2d 437, 441 (9th Cir. 1991) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  Stated another way,

> *[i]f* a state-initiated proceeding is ongoing, and *if* it implicates important state interests [...], and *if* the federal litigant is not barred from litigating federal constitutional issues in that proceeding, *then* a federal court action that would enjoin the proceeding, or have the practical effect of doing so, would interfere in a way that *Younger* disapproves.

*Gilbertson v. Albright*, 381 F.3d 965, 978 (9th Cir. 2004).

As stated above, Plaintiff advises he is currently scheduled to appear in Justice Court on September 29, 2006, on the citation issued to him for the events alleged in Plaintiff's Complaint filed in this action.  The citation issued to Plaintiff for selling alcohol to a minor is a state procedure for enforcement of state criminal laws and, therefore, the subject of this lawsuit clearly implicates important state interests.  In his Justice Court proceedings Plaintiff will have procedural rights to be heard and the opportunity to raise any state or federal constitutional issues in defense of his case, including the constitutional issues alleged in this case.

ORDER, and FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE/ PAGE 5

Finally, the Court finds that any relief it could grant as Plaintiff requests would, in effect, declare that Defendants violated his federal constitutional rights, and thus would have the practical effect of enjoining the state Justice Court proceedings.  If this Court were to proceed with this action it would interfere with the state court proceedings in a way that *Younger* disapproves.

Based on the foregoing, the Court hereby enters the following:

### RECOMMENDATION

Plaintiff's Complaint should be **DISMISSED** without prejudice pursuant to the *Younger* abstention doctrine.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DATED this __28th__ day of September, 2006.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge